**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ALLISON HILL,

        Defendant.

**No. 04-CR-4045-DEO**

**ORDER**

---

This matter comes before the court on its own motion under 18 U.S.C. § 3582. In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

Given the record, the court concludes that it need not appoint counsel or conduct a hearing with respect to whether relief is warranted under 18 U.S.C. § 3582(c)(2). *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (concluding that there is no right to assistance of counsel when pursuing relief under 18 U.S.C. § 3582(c) and finding that a judge need not hold a hearing on a motion pursuant to 18 U.S.C. § 3582(c)); *see also* Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the reduction of a sentence under 18 U.S.C. § 3582(c)).

Amendment 750 (Parts A and C only) amends USSG §1B1.10. On June 30, 2011, the Sentencing Commission unanimously voted to apply Amendment 750 (Parts A and C only) retroactively to cocaine base ("crack") offenses, and it set November 1, 2011, as the date that Amendment 750 (Parts A and C only) could be applied retroactively. Part A amended the Drug Quantity Table in USSG §2D1.1 for crack offenses and made related revisions to Application Note 10 to USSG §2D1.1. Part C deleted the cross reference in USSG §2D2.1(b) under which an offender who possessed more than 5 grams of crack was sentenced under USSG §2D1.1.

USSG §1B1.10, in relevant part, states:

> In a case in which a defendant is serving
> a term of imprisonment, and the guideline
> range applicable to that defendant has
> subsequently been lowered as a result of an
> amendment to the Guidelines Manual listed
> in subsection (c) below, the court may
> reduce the defendant's term of imprisonment
> as provided by 18 U.S.C. § 3582(c)(2). As
> required by 18 U.S.C. § 3582(c)(2), any
> such reduction in the defendant's term of
> imprisonment shall be consistent with this
> policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1)
("Eligibility for consideration under 18 U.S.C. § 3582(c)(2)
is triggered only by an amendment listed in subsection (c)
that lowers the applicable guideline range."). The Sentencing
Commission included Amendment 750 (Parts A and C only) within
subsection (c). USSG §1B1.10(c).

Nevertheless, the court is unable to rely on Amendment
750 (Parts A and C only) to reduce the defendant's sentence
under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. *See generally
United States v. Curry*, 584 F.3d 1102, 1104 (8th Cir. 2009)
(discussing *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th
Cir. 1997)) (explaining requirements under USSG §1B1.10(b)).
Because the defendant is subject to a statutorily required
minimum sentence, *see* 21 U.S.C. § 841(b)(1)(A), the defendant
is not entitled to a reduction of her sentence. *Cf. United*

*States v. Peters*, 524 F.3d 905, 906-07 (8th Cir. 2008) (concluding statutory mandatory minimum applied, and, consequently, defendant could not rely on Amendment 706 to reduce his sentence under 18 U.S.C. § 3582(c)(2)); *United States v. Jones*, 523 F.3d 881, 882 (8th Cir. 2008) (same); *see also United States v. Byers*, 561 F.3d 825, 829-32 (8th Cir. 2009) (making clear that statutory minimum must be taken into consideration).[1]

Accordingly, the court concludes that a reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 is not permitted because the Court has already given her the shortest sentence that it could. The clerk's office is directed to provide a copy of this order to the United States, the defendant, and the Federal Public Defender.

**IT IS SO ORDERED** this 8th day of May, 2012.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[1] The court notes that, in 2008, it concluded that the defendant could not rely on either Amendment 706 or Amendment 715 to reduce her sentence. For the reasons previously stated and the reasons stated herein, the same result is reached when considering Amendment 750 (Parts A and C only).

4